**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

DAVID R. MANUEL,           )
                                  )
        Plaintiff,         )
                                  )
        v.               )          Civil Action No. 22-586 (UNA)
                                  )
UNITED STATES,          )
                                  )
        Defendant.      )

## MEMORANDUM OPINION

Plaintiff, appearing *pro se*, has filed a Petition, ECF No. 1, and an application to proceed *in forma pauperis*, ECF No. 2. The Court will grant the application and dismiss the case for want of jurisdiction.

Federal courts "possess only that power authorized by Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "Article III of the United States Constitution limits the judicial power to deciding 'Cases' and 'Controversies.'" *In re Navy Chaplaincy*, 534 F.3d 756, 759 (D.C. Cir. 2008) (quoting U.S. Const. art. III, § 2). "One element of the case-or-controversy requirement is that plaintiffs must establish that they have standing to sue." *Comm. on Judiciary of U.S. House of Representatives v. McGahn*, 968 F.3d 755, 762 (D.C. Cir. 2020) (internal quotation marks omitted). "To satisfy the constitutional minimum for standing, an alleged injury must either have 'a close relationship to a harm that has traditionally been regarded as providing a basis for a lawsuit in English or American courts,' *or* a statute must make the injury 'legally cognizable.'" *Farrell v. Blinken*, 4 F.4th 124, 135 (D.C. Cir. 2021) (quoting *Twin Rivers Paper Co. v. SEC*, 934 F.3d 607, 616 (D.C. Cir. 2019) (other citation omitted)

(emphasis in original))). "The defect of standing is a defect in subject matter jurisdiction." *Haase v. Sessions*, 835 F.2d 902, 906 (D.C. Cir. 1987).

Plaintiff is a resident of Long Beach, California, who has sued the United States. He simply "would like to be exempt under the Civil Liberties Act from any type of requirements" imposed at all levels of government—from federal to local municipalities--in response to COVID-19 and the Omicron variant. Pet. at 1. Plaintiff wants "the Order of Exemption" to "take effect" immediately; to "remain in effect until" he "file[s] another civil action to cease the order"; and to be enforced "against any retaliatory action[.]" *Id*. Although Plaintiff mentions the Constitution and federal law, *see id*., he has alleged neither the deprivation of a protected right nor a resulting injury. Consequently, this case will be dismissed by separate order.

_____/s/_____
TIMOTHY J. KELLY
United States District Judge

Date: April 13, 2022